# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GARY DEE BICE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:16CV111 ACL |
| CARON BIRCH, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Gary Dee Bice, an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee [Doc. #2]. Plaintiff has three "strikes" under 28 U.S.C. § 1915(g). He may only proceed in forma pauperis, therefore, if his allegations demonstrate that he is in imminent danger of serious physical injury.

For the reasons stated below, the Court will hold plaintiff's motion to proceed in forma pauperis in abeyance at this time. Additionally, the Court will order plaintiff to submit an amended complaint, along with a prison account statement.

**Plaintiff's Complaint**

Plaintiff, an inmate at SECC, brings this action under 42 U.S.C. § 1983 against Dr. Caron Birch. Plaintiff asserts that he had "sickness without proper medical treatment." He states that Dr. Birch "new [sic] the fact of the sickness and didn't give proper treatment." He claims that the sickness caused him dizzy spells and headaches, and he was previously diagnosed with diabetes. Plaintiff claims he has "never been sent to a outside physician to be checked for sickness," and he feels that defendant's failure to do so is a violation of his constitutional rights.

1

In plaintiff's request for relief, he asks the Court to send him to an outside physician "for proper medical treatment," and he seeks monetary damages in an amount in excess of $30,000.

**28 U.S.C. § 1915(g) and 1915(e)**

The Court has reviewed plaintiff's prior litigation and finds that he has three dismissals that qualify as strikes under the statute. *See Bice v. Ester*, No. 1:10CV93 SNLJ (E.D.Mo.); *Bice v. Commission or Directors of Cape Girardeau City Police Dept.*, No. 1:11CV27 SNLJ (E.D.Mo.); and *Bice Eastest*, 1:13CV181 SNLJ (E.D.Mo.). Therefore, he may only proceed in forma pauperis if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"[A]n otherwise ineligible prisoner is only eligible to proceed in forma pauperis if he is in imminent danger *at the time of filing*. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Ashley v Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in original).

To show imminent danger, a complaint must contain "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

**Discussion**

As currently pled, the complaint does not demonstrate imminent serious physical injury. Plaintiff is complaining about minor illnesses that have occurred in the past, *i.e.*, his past dizzy

spells and headaches, but not necessarily things that have been a danger to himself at the time of the filing of the complaint.

The complaint shows only that plaintiff was subjected to past illnesses. As a result, plaintiff has not shown that he is in imminent danger of serious physical injury, and he may not proceed in forma pauperis at this time.

However, because of the prior illnesses alleged in the complaint, the Court will not decline plaintiff's motion to proceed in forma pauperis and dismiss the case at this time. Instead, the Court will give plaintiff the opportunity to file an amended complaint and plead the imminent danger exception to § 1915(g). Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint on a court-provided form.[1] Plaintiff shall also file a copy of his inmate account statement at that time.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not re-alleged are deemed abandoned. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint on a court-provided form within thirty (30) days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **HELD IN ABEYANCE**.

---

[1] The Court reminds plaintiff to sign the amended complaint, in compliance with Fed.R.Civ.P.11. His original complaint did not bear his signature.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on a court-provided form no later than thirty (30) days from the date of this Memorandum and Order. Plaintiff shall take care to include his signature on his amended complaint.

**IT IS FURTHER ORDERED** that no later than thirty (30) days of the date of this Memorandum and Order, plaintiff must provide the Court with a certified inmate account statement.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

Dated this  1st  day of June, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE