UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GARY DEE BICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16CV111 SNLJ |
| | ) |
| CARON BIRCH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Gary Dee Bice, an inmate at Southeast Correctional Center ("SECC"), for his second extension of time to respond to the Court's order to file an amended complaint in this action. Plaintiff seeks an extension until October 1, 2016 to file his amended complaint, stating that he needs the additional time to visit an outside medical expert.

On June 1, 2016, the Court noted that plaintiff had "three strikes" under 28 U.S.C. § 1915(g), thus he may only proceed in forma pauperis in this Court if his allegations demonstrate that at the time of the filing of the complaint, or amended complaint, he is in imminent danger of serious physical injury. At that time, the Court gave plaintiff until July 1, 2016 to provide an amended complaint to show that he was in imminent danger in order to proceed in forma pauperis in this action.

On June 27, 2016, plaintiff sought an extension of time to file his amended complaint, asserting that he needed until August 1, 2016 to gather his medical records to show he had been subjected to imminent danger. Although the Court granted plaintiff the additional time, it reminded plaintiff that past medical records could not show that he was in imminent danger at the time of the filing of the complaint as required under § 1915(g). However, past medical records

1

could be used to show a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Therefore, the Court allowed plaintiff his extension of time until August 1, 2016 to file his amended complaint.

Plaintiff now seeks until October 1, 2016 to file his amended complaint, or approximately four months after the filing of his action, to proceed with his lawsuit. Plaintiff reports that he needs the extra time because he may be sent out to a specialist, at some undisclosed time, to review his medical condition.

As plaintiff is aware, the proper time for reviewing his complaint under § 1915(g) is at the time of filing in order to determine imminent danger. This Court cannot keep granting plaintiff extensions of time in order to wait while plaintiff has his medical care continually reviewed by the Missouri Department of Corrections to see if he is under "imminent danger" at some time in the future. As such, plaintiff will be given ten days from the date of this Memorandum and Order to file his amended complaint. Plaintiff's failure to do so will result in a dismissal of this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request for an extension of time to file an amended complaint [Doc. #8] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** plaintiff's amended complaint shall be filed **no later than 10 days from the date of this Memorandum and Order**.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint and the certified account statement, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's failure to file his amended complaint within ten days of the date of this Memorandum and Order will result in the dismissal of this action, without prejudice.

Dated this 17th day of August, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE